# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

November 8, 2019

**VIA ECF**

Hon. Katherine Polk Failla  
United States District Judge  
Southern District of New York  
40 Foley Square  
New York, New York 10007

      Re:      **Diaz Oropeza v. Adoro Lei, LLC. et al.**  
                  **Case No. 18-cv-1141 (KPF)**

Dear Judge Failla:

      This office represents the Plaintiff Benito Diaz Oropeza in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

      Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

      Plaintiff alleges he was employed by Defendants as a pizza maker at their restaurant, Adoro Lei. Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate overtime, failure to pay spread of hours pay, and failure to provide annual notice and wage statements. The primary violation was that, for approximately

nine months, Plaintiff regularly worked 52 hours per week, and Defendants paid him a fixed weekly salary that did include overtime premiums.

I. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay $32,500 to settle all claims through a single payment. Of the settlement amount, two thirds after costs, or $21,357.33 will go to the Plaintiff, with $11,142.67 to go to Plaintiff's attorneys.

Plaintiff alleges he is entitled to overtime wages of approximately $22,400 from Defendants. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $62,000. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. The parties were able to resolve this dispute in a compromise that reflects the evaluation of the claims based on evidence produced in discovery and in aid of

November 8, 2019
Page 3

settlement. Plaintiff will be receiving approximately his overtime wages as a result of the settlement.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $11,142.67 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation after costs, a reduction in fees from what is identified in Plaintiff's retainer agreements, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

November 8, 2019
Page 4

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii. Joshua Androphy is the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he

has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star for employment litigation each year from 2014 through 2018.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace and Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

Plaintiffs' lodestar attorneys' fees are $5,495.00, plus $464 in costs. A copy of Plaintiffs' attorneys billing records are annexed as Exhibit C. While the allocated attorneys' fees under the settlement agreement are more than the Plaintiffs' attorneys' lodestar amount, the fees bear a reasonable relationship to the lodestar. Awarding the requested attorneys' fees promotes the public policy of aligning plaintiffs' attorneys with their clients' interests and incentivizing attorneys to obtain high settlements for their clients at an early stage of litigation, without taxing the parties and court's resources with extensive and sometimes unproductive discovery

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                Respectfully submitted,

                /s/ Joshua S. Androphy
                Joshua S. Androphy
                MICHAEL FAILLACE & ASSOCIATES, P.C.
                Attorneys for the Plaintiff

Enclosures

cc: Vincent Avery, Esq. (via ECF)